UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHCOMA N. GARDNER, | ) | CASE NO. 5:08CV2963 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Shcoma N. Gardner's above-captioned petition for writ of habeas corpus against the United States pursuant to 28 U.S.C. § 2241.  Mrs. Gardner alleges 18 U.S.C. § 3231 is unconstitutional and a "political bill," which is not authorized by the United States Constitution.  Because this court's jurisdiction and her commitment were allegedly secured solely through § 3231, Mrs. Gardner asserts she is entitled to immediate release. By order of the sentencing court, she is currently awaiting self-surrender to a designated institution on May 1, 2009, but asserts "Petitioner may not be moved while his [sic] habeas corpus petition is pending and requests the Marshals to so note for the record."[1] (Pet. at 3.)  Mrs. Gardner also filed a Petition to Expedite Dismissal of Case No. 5:07cr0574 [Dkt. #3].  The Petition to Expedite and her § 2241 petition are both dismissed for the reasons set forth

---

[1]A substantial portion of Mrs. Gardner's petition is a photocopy of an earlier petition filed in this court by her husband, Navoise.  See Gardner v. United States, No. 5:08cv2897 (N.D. Ohio filed Dec. 19, 2008).  Even the personal pronouns used in Mrs. Gardner's petition are all masculine.

below.[2]

*Background*

Mrs. Gardner was one among thirteen defendants named in a 2007 indictment filed in this court. See United States v. Robinson, et. al., No. 5:07cr0574 (N.D. Ohio filed Nov. 15, 2007). After entering a plea of not guilty on January 4, 2008, Mrs. Gardner changed her plea to guilty during a hearing before Judge Sara Lioi on September 22, 2008. She pleaded guilty to count 1 of the indictment, conspiracy to possess and distribute marijuana and cocaine in violation of 21 U.S.C. § 846 and was sentenced by Judge Lioi to 24 months of imprisonment on December 11, 2008, with credit for time served. Judge Lioi ordered petitioner to self-surrender to a designated facility on May 1, 2009.

*Analysis*

Mrs. Gardner asserts she is in custody in violation of the Constitution. She seeks an order invalidating Public Law 80-772, "which purported to enact Title 18, United States Code, . . . and (2) more specifically, Section 3231 thereof, . . . which purported to confer upon 'the district courts . . . . original jurisdiction . . . of all offenses against the laws of the United States.'" (Pet. at 1.) She claims § 3231 is unconstitutional, because Public Law 80-772 was allegedly never enacted. From this, she argues the sentencing court never had jurisdictional authority under 18 U.S.C. § 3231 to prosecute her. She maintains this is a 'direct violation of the Constitution because it allegedly relies on the use of "political bill" to imprison her.

---

[2]On February 27, 2009, petitioner also filed a Notice of Motion and Motion for Judgment on the Pleadings pursuant to Federal Civil Rule 12(c), wherein she sought to dismiss the indictment filed against her. Considering the fact that a Civil Rule 12(c) motion is not the appropriate vehicle to seek dismissal of a criminal indictment, the court declines to analyze the merits this claim.

Petitioner also maintains that, while it has jurisdiction over this petition pursuant to 28 U.S.C. § 2241, this court has a

> direct conflict of interest in ruling on its own jurisdiction pursuant to 28 U.S.C. § 455, since the district court judge is civilly liable for acting without jurisdiction.  This direct conflict of interest almost mandates that all proceedings be stayed and the district court forward the issue directly to the Supreme Court for ruling.

(Pet. at 18.)  She adds that the United States District Court for the Northern District of Iowa has "agreed to hear the arguments in *U.S. v.  Russell James Hodge* and that case is currently pending." (Pet. at 18.)  Mrs. Gardner believes it would raise "serious questions as to the bias of this court" if it chose to "proceed to trial while this issue is currently pending in the Eighth Circuit."  (Pet. at 18.)  She argues further that this court's refusal to address the issues she presents would create "a prima facie case of bias throughout the entire proceedings of this case, structural error," in violation of 28 U.S.C. § 455.[3]  (Pet. to Expedite at 7.)  Petitioner seeks a show

---

[3] Under Section 455, subparagraph "(b)"outlines the per se rule for circumstances when recusal of a judge is required. United States v. Alabama, 828 F.2d 1532, 1541 (11th Cir. (1987) ("The statute also states that the parties cannot waive the per se rules of disqualification set out in § 455(b).") (footnote omitted) cert. denied sub nom., 487 U.S. 1210 (1988).  The relevant restrictions advise when a  judge is mandated to disqualify:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and

(continued...)

3

cause order as to why she should not be immediately released from custody; an order declaring 18 U.S.C. § 3231 unconstitutional; a declaration of "actual innocence of the crimes alleged;" a determination of whether to sanction the Department of Justice for bringing charges under an allegedly unconstitutional statute, and other relief the court finds appropriate.  (Pet. Expedite, supra.)

*28 U.S.C. § 2241*

Mrs. Gardner does not believe her conviction and sentence are valid. [4] Where, as here, a federal prisoner seeks to challenge the imposition of his or her sentence on grounds the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," the petitioner generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28

---

[3](...continued)
> in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person.

Not a single circumstance, as outlined in the statute, applies to the case before this court.

[4]

U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999). In fact, an application under 28 U.S.C. § 2255 is the exclusive post-conviction remedy for testing the validity of federal judgments and sentences, unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir.2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.")

A federal prisoner may not challenge his or her conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause");Chandler, 180 F.3d at 755-56; Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). The petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979).

While Mrs. Gardner is 'in custody' for the purpose of filing a habeas petition,[5] she has not met her burden of showing the inadequacy of filing a section 2255 motion. As a threshold matter, there is no indication she ever filed a § 2255 motion. If she had, the fact that § 2255 relief was already denied does not render her remedy under § 2255 inadequate or ineffective, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), nor does being denied permission to file

---

[5] See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa, 411 U.S. 345, 351 (1973)("Petitioner, who was released on his own recognizance pending execution of sentence, was 'in custody' for purposes of federal habeas corpus statute").

a second or successive motion to vacate.  See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). If Mrs. Gardner did file an unsuccessful motion to vacate, the fact that relief under section 2255 is barred procedurally by the gatekeeping requirements of section 2255 also does not render her remedy under section 2255 inadequate or ineffective.  See e.g., Chandler, 180 F.3d at 756.

       Petitioner has failed to allege any basis upon which her remedy under § 2255 is either inadequate or ineffective to test the legality of her detention.  As such, this court lacks jurisdiction to address the challenges she raises in her § 2241 petition.

       Based on the foregoing, Mrs. Gardner's § 2241 petition and Petition to Expedite are denied pursuant to 28 U.S.C. §2243, but without prejudice to any §2255 motion petitioner may file in the sentencing court.[6]  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

                                  S/Christopher A. Boyko  
                                  CHRISTOPHER A. BOYKO  
                                  UNITED STATES DISTRICT JUDGE

3/30/09

---

[6]   In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.